IN THE MATTER OF MARY MOE. No. 87-1361. December 29, 1987. *Minor*, Abortion. *Abortion*.

Pursuant to the provisions of G. L. c. 112, § 12S (as appearing in St. 1980, c. 240), a judge of the Superior Court, on December 4, 1987, heard the petition of a seventeen year old unmarried woman seeking an abortion without the consent of or notice to either of her parents. In the course of the hearing, the judge learned that the petitioner was approximately sixteen weeks pregnant (according to an ultra-sound diagnosis) and that she intended to have a dilation and evacuation procedure (a D & E abortion) performed in an out-patient basis at the Planned Parenthood Clinic of Central Massachusetts (clinic), a facility licensed to provide medical and surgical services pursuant to G. L. c. 111, §§ 51-56. The judge found that the petitioner "is mature and capable of giving informed consent," and concluded that "[s]he may . . . give informed consent to undergoing an abortion pursuant to a decision reached in consultation with her physician, without the consent of either of her parents . . . ." Since the petitioner was beyond the thirteenth week of pregnancy, the judge thought that G. L. c. 112, § 12Q, required that the abortion be performed only in a hospital duly authorized to provide facilities for

general surgery.[1] He found that the clinic is not such a hospital[2] and expressly limited the authorization granted the petitioner "to an abortion [to be] performed 'in a hospital duly authorized to perform general surgery.'"

The petitioner appealed to this court. After oral argument, we issued an order striking from the order of the Superior Court the above limitation, thus leaving to the petitioner the choice of location of the procedure. Our rescript issued immediately. The purpose of this opinion is to explain the reasons for our decision.

The statutory provisions involved in the present proceedings are found in the second paragraph of G. L. c. 112, § 12S, as appearing in St. 1980, c. 240. They read: "If a pregnant woman less than eighteen years of age has not married and . . . if she elects not to seek the consent of one or both of her parents or guardians, a judge of the superior court department of the trial court *shall*, upon petition, or motion, and after an appropriate hearing, authorize a physician to perform the abortion [1] if said judge determines that the pregnant woman is mature and capable of giving informed consent to the proposed abortion or, [2] if said judge determines that she is not mature, that the performance of an abortion upon her would be in her best interest" (emphasis supplied).

In a prior decision, *Matter of Moe*, 18 Mass. App. Ct. 727 (1984), we concluded that a judge who finds, in accordance with alternative [1] above, that a pregnant woman is mature and capable of giving informed consent to a proposed abortion, cannot condition approval of the abortion on the minor's willingness to have the procedure performed at a facility which he may think is preferable to a facility proposed by the minor. We noted that our decision "rested . . . on what we regard as the proper construction of the 1980 version of G. L. c. 112, § 12S." 18 Mass. App. Ct. at 732 n.6. That construction reflects the application of a series of decisions of the United States Supreme Court which have held, without equivocation, that a minor who is found to be mature and capable of giving her consent to an abortion must be allowed to make the decision independently. See *Planned Parenthood* v. *Danforth*, 428 U.S. 52 (1976); *Bellotti* v. *Baird*, 428 U.S. 132 (1976); *Bellotti* v. *Baird*, 443 U.S. 622 (1979); *Planned Parenthood*

---

[1] Insofar as material to this case, G. L. c. 112, §§ 12L and 12Q, as appearing in St. 1977, c. 397, provide that no abortion may be performed in the case of a pregnancy that has lasted less than twenty-four weeks except by a physician who deems the abortion is necessary under all attendant circumstances and who has received the written informed consent of the proper person or persons as set forth in § 12S. Section 12Q further provides that "if the abortion is during or after the thirteenth week of pregnancy, it is [to be] performed in a hospital duly authorized to provide facilities for general surgery."

[2] The clinic is apparently equipped to perform, and has performed, second trimester abortions. In the view we take of the case, it is unnecessary to decide whether the clinic is licensed as a hospital able to provide general surgical facilities. The petitioner argues that it is, and that the judge's finding to the contrary is erroneous.

*Assn.* v. *Ashcroft*, 462 U.S. 476 (1983). Indeed, § 12S of c. 112 appears to be expressly patterned on the guidance given by the Supreme Court in *Bellotti* v. *Baird*, 443 U.S. at 647-648, as to how a State constitutionally may provide for adult involvement in the abortion decisions of minors. See also *Planned Parenthood League* v. *Bellotti*, 641 F.2d 1006, 1010-1011 (1st Cir. 1981).

Although in *Matter of Moe* we did not comment directly upon the interplay between § 12Q and § 12S, see 18 Mass. App. Ct. at 732 n.6, we acknowledged the then recent decision of the United States Supreme Court in *Akron* v. *Akron Center for Reproductive Health, Inc.*, 462 U.S. 416 (1983). That decision struck down a city ordinance of Akron which purported to require that second-trimester abortions be performed only in a hospital. "By preventing the performance of D&E abortions in an appropriate nonhospital setting, Akron has imposed a heavy, and unnecessary, burden on women's access to a relatively inexpensive, otherwise accessible, and safe abortion procedure. [The Akron ordinance] has 'the effect of inhibiting . . . the vast majority of abortions after the first 12 weeks,' . . . and therefore unreasonably infringes upon a woman's constitutional right to obtain an abortion." 462 U.S. at 438-439, quoting from (footnote omitted) *Planned Parenthood* v. *Danforth*, 428 U.S. at 79. See also Liacos, J., Memorandum Under the General Superintendency Power Concerning the Implementation of St. 1980, c. 240, inserting G. L. c. 112, § 12S, entered in Planned Parenthood League of Massachusetts *vs.* Bellotti, No. 81-124 (Supreme Judicial Court for the county of Suffolk June 16, 1981).

In light of these Federal and State authorities, we think the construction that must be given to G. L. c. 112, § 12S, in cases involving mature minors is evident. We hold that a judge who finds that a minor is sufficiently mature to decide for herself whether to undergo an abortion is without any authority to limit his approval of the abortion by a condition that it be performed only in a hospital authorized to perform general surgery.

*Chris W. Wert* (*Paul T. Hempel* with him) for the petitioner.

*John H. Henn*, for Planned Parenthood League of Massachusetts, amicus curiae.

*Jamie Ann Sabino*, for Judicial Consent of Minors Lawyer Referral Panel, amicus curiae.